UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS DIAZ, | Case No. 1:13-cv-01001-BAM |
| Plaintiff, | **ORDER GRANTING LEAVE TO WITHDRAW AS ATTORNEYS FOR PLAINTIFF** |
| v. | (Doc. 51) |
| COUNTY OF FRESNO, | |
| Defendant. | **ORDER SUBSTITUTING PLAINTIFF JESUS DIAZ IN PRO PER** |

_____/

**INTRODUCTION**

Presently before the Court is a motion brought by the Law Firm of Messing Adam & Jasmine LLP to withdraw as attorneys of record for Plaintiff Jesus Diaz ("Plaintiff").  Doc. 51.  Neither Plaintiff nor Defendant County of Fresno filed a response to the motion.  The matter was heard on October 28, 2016, before United States Magistrate Judge Barbara A. McAuliffe.  James W. Henderson, Jr., appeared on behalf of the Law Firm of Messing Adam & Jasmine LLP as the moving party.   Plaintiff did not appear or otherwise contact the Court.  Defendant County of Fresno also did not appear.

Having considered the moving papers, arguments presented at the hearing, as well as the Court's file, the motion to withdraw as attorneys of record for Plaintiff is GRANTED, and Plaintiff Jesus Diaz shall be substituted as counsel in pro per.

///

1

**BACKGROUND**

On August 7, 2007, a collective action was filed on behalf of Fresno County Sheriff's Department deputy sheriffs entitled *Espinoza, et al. v. County of Fresno*, Case No. 1:07-cv-01145. The action was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 600 *et seq.*, seeking compensation for unpaid overtime.  A number of deputy sheriffs opted in to the action, including Plaintiff Jesus Diaz.

On March 25, 2013, Defendant's motion to decertify the collective action status of the case was granted, and the action was ordered dismissed as to the various opt-in plaintiffs.  However, the opt-in plaintiffs were permitted to file separate actions.  Thereafter, Plaintiff filed this separate action on June 28, 2013.  *See* Doc. 1.

Plaintiff's attorneys, the Law Firm of Messing Adam & Jasmine LLP, now seek an order from this Court relieving them as Plaintiff's attorneys of record in this action.  Counsel James A. Henderson, Jr., reports that Plaintiff has failed to provide counsel with his current address and telephone number, and despite diligent efforts on the part of his attorneys, there has been no contact between Plaintiff and his counsel for several years.  Given the inability to reach Plaintiff, his attorneys request an order that leave to withdraw be granted and that Plaintiff be ordered to represent himself in pro se.  *See* Doc. 51-1.

**DISCUSSION**

**A.  Motion to Withdraw**

As noted, the Law Firm of Messing Adam & Jasmine LLP moves to withdraw as counsel because they have been unable to communicate with Plaintiff for several years.  According to the declaration of Mr. Henderson, the residence address originally supplied by Plaintiff is no longer valid, and information obtained from the County of Fresno is out of date.  Doc. 51-2, Declaration of James A. Henderson, Jr., ¶ 2.  Counsel retained two different investigators to attempt to locate Plaintiff, one in the Summer of 2013 and one in July 2016.  Although the investigators provided addresses and phone numbers, that information did not enable counsel to re-establish contact with Plaintiff.  *Id*. at ¶ 3.  Counsel also inquired of the Fresno Deputy Sheriff's Association, a union that represented Plaintiff when he was a deputy sheriff.  The address and telephone number provided by the union was not

valid.  Counsel also inquired of other plaintiffs, but no verifiable information has been received.  *Id.* at ¶ 4.  Further, letters sent by mail to Plaintiff have been returned as undeliverable with no forwarding address and phone numbers have been disconnected.  *Id.* at ¶ 5.  Counsel has not been able to communicate with Plaintiff regarding the status of the lawsuit, including the current settlement offer.  Letters advising Plaintiff that if he did not respond then counsel would bring a motion to withdraw have been returned.  *Id.* at ¶ 6.

The notice of motion and moving papers were served on Plaintiff by mail at his last known address and the most recent address provided by counsel's investigator.  *Id.* at ¶ 7.

### B.  Standard

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

LR 182(d); *see also Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, *1 (E.D. Cal. 2009) (Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit.").

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client "renders it unreasonably difficult for the member to carry out the employment effectively."  California Rules of Professional Conduct, Rule 3-700(C)(1)(d).  The decision to grant counsel's motion to withdraw is within the discretion of the trial court.  *Canandaiqua*, 2009 WL 89141 at *1.  "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other

3

1   litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to
2   which withdrawal will delay the resolution of the case." *Id.*

3       **C.  Analysis**

4       Here, the Court finds that the inability to communicate with Plaintiff renders it unreasonably
5   difficult for the Law Firm of Messing Adam & Jasmine LLP to carry out its employment effectively.
6   Plaintiff has failed to keep counsel apprised of his current address and telephone, and despite counsel's
7   diligence, Plaintiff cannot be located.  In light of the circumstances, the Law Firm of Messing Adam &
8   Jasmine LLP has demonstrated good cause for withdrawal as attorneys of record for Plaintiff.  The
9   Clerk of the Court will be directed to amend the docket to reflect that Plaintiff Jesus Diaz now
10  represents himself in this matter.

11                                    **CONCLUSION**

12      For the foregoing reasons, the Court orders as follows:

13      1.      The Motion for an Order Granting Leave to Withdraw as Attorneys for Plaintiff, filed
14              on September 30, 2016, is GRANTED;

15      2.      Plaintiff Jesus Diaz is SUBSTITUTED as counsel in propria persona in place of the
16              Law Firm of Messing Adam & Jasmine LLP; and

17      3.      The Clerk of the Court is directed to update the docket with the contact information of
18              Jesus Diaz at his last known address:

19              5455 North Marty Ave., Apt. 114
20              Fresno, California 93711

21  IT IS SO ORDERED.

22
23      Dated:   **October 28, 2016**              /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28

                                        4