# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS DIAZ, | ) | 1:13-cv-01001-BAM |
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER, AND FAILURE TO COMPLY WITH THE LOCAL RULES |
| v. | ) ) | |
| COUNTY OF FRESNO, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Jesus Diaz ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff, through counsel, initiated this action on June 28, 2013. The parties have consented to the jurisdiction of the United States Magistrate Judge. (Docs. 12, 13.)

On October 31, 2016, the Court granted Plaintiff's counsel leave to withdraw from this matter, and substituted Plaintiff in as counsel in propria persona. The Court permitted the withdrawal based on Plaintiff's failure to provide counsel with his current address and phone number, and on the inability of counsel to contact Plaintiff for several years. (Doc. 54.) The Court's order was served on Plaintiff at his last known address. On January 23, 2017, that order was returned by the United States Post Office as Undeliverable, RTS, Unknown, Illegible, Unable to Forward.

Based on Plaintiff's failure to update his address, on April 4, 2017, the Court issued an order for Plaintiff to show cause in writing, within fourteen (14) days, why this action should not

1

be dismissed for failure to prosecute and failure to obey a court order. Plaintiff was warned that the failure to respond to the Court's order would result in dismissal of this without further notice. (Doc. 55.) The order was served on Plaintiff at his last known address. More than fourteen days have passed, and Plaintiff has not responded to the Court's order or otherwise contacted the Court.

### I.     Discussion

Pursuant to Local Rules 182 and 183, a pro se party is under a continuing duty to notify the Clerk, the Court and all other parties of any change of address or telephone number. Local Rule 182(f), 183(b). If mail directed to a pro se plaintiff by the Clerk is returned by the U. S. Postal Service, the Court may dismiss the action without prejudice for failure to prosecute if the plaintiff fails to notify the Court and opposing parties within sixty-three (63) days of a current address. Local Rule 183(b). Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Further, the failure of Plaintiff to prosecute this action is grounds for dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court").

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re PPA, 460 F.3d at 1226. These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

In this case, Plaintiff's address change was due no later than March 27, 2017. However, Plaintiff has failed to file a change of address, has failed to respond to the Court's show cause

order and has not otherwise been in contact with the Court. Furthermore, this action has been pending since June 2013, and the Court finds that the public's interest in expeditiously resolving this long-pending litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the Court has considered the availability of less drastic sanctions Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228–29; Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).

**II.     Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED that:

1. This action is DISMISSED, without prejudice, based on Plaintiff's failure to prosecute, failure to obey the Court's order, and failure to follow the Court's rules; and

2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:   **May 2, 2017**              /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE